UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No. 8:22-cr-74-VMC-AAS

SHIRIN MARSHALL
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Shirin Marshall's Post-Trial Motion for Judgment of Acquittal and Motion for New Trial (Doc. # 127), filed on March 8, 2024. The United States of America responded on March 15, 2024. (Doc. # 131). For the reasons that follow, the Motion is denied.

**I.   Background**

Ms. Marshall was charged with four counts of mail fraud in violation of 18 U.S.C. § 1341 arising from her receipt of workers' compensation benefits during four particular months. (Doc. # 1). The trial was held between January 29 and 31, 2024. (Doc. ## 107-109). On January 31, 2024, the jury found Ms. Marshall guilty on all counts. (Doc. # 116).

Now, Ms. Marshall seeks a judgment of acquittal or a new trial. (Doc. # 127). The United States has responded (Doc. # 131), and the Motion is ripe for review.

II.  **Legal Standard**

A motion for acquittal is governed by Federal Rule of Criminal Procedure 29. "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction.'" United States v. Hunt, 412 F. Supp. 2d 1277, 1282 (M.D. Ga. 2005) (quoting United States v. Miranda, 425 F.3d 953, 963 (11th Cir. 2005)). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998) (citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

Under Federal Rule of Criminal Procedure 33(b)(2), the Court is empowered to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. Outside the context of claimed newly discovered evidence, this standard is broad, and the decision to grant a new trial is within the sound discretion of the trial court. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).

2

"If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." <u>Id.</u> (internal quotation marks and citation omitted). The Court may follow this course even if the evidence is legally sufficient to sustain the verdict. <u>Id.</u> Similarly, the Court may grant a motion for new trial even where the defect does not constitute reversible error, or even legal error at all. <u>United States v. Vicaria</u>, 12 F.3d 195, 198 (11th Cir. 1994).

However, "[m]otions for new trial are disfavored," and the Eleventh Circuit has "directed that district courts grant them only in those really exceptional cases, when [t]he evidence . . . preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." <u>United States v. Lopez</u>, 562 F. App'x 891, 898 (11th Cir. 2014) (internal quotation marks and citation omitted).

III. <u>**Analysis**</u>

Ms. Marshall argues that, "while looking at the evidence in the light most favorable to the government and drawing all

reasonable inferences and credibility choices in favor of the jury's verdict, no reasonable juror could return a verdict of guilty on any of the counts charged against Ms. Marshall." (Doc. # 127 at 3). Although she does not develop this argument, Ms. Marshall also states that she should be given a new trial under Rule 33. (Id. at 4); see United States v. Moore, 76 F.4th 1355, 1363 (11th Cir. 2023) (noting that a "Rule 33(a) motion for a new trial is different [than a Rule 29(a) motion for judgment of acquittal] because the district court may weigh the evidence and consider the credibility of the witnesses" (citation and internal quotation marks omitted)).

The Motion is denied both as to a judgment of acquittal and a new trial. Taking all evidence in the light most favorable to the government, the evidence was sufficient to allow a jury to find guilt beyond a reasonable doubt on all counts. This evidence includes, among other things: the four specific checks that were delivered in the mail to Ms. Marshall; Ms. Marshall's annual Forms EN-1032, in which she certified she was eligible to receive federal disability benefits; the testimony of investigator Curtis Smith, who conducted surveillance on Ms. Marshall on approximately 10 different dates over nine months; videos of Ms. Marshall,

including videos of her conducting yardwork that conflicted with her claims of shoulder and back injury; the records of Ms. Marshall's gym membership at the YMCA; the testimony of Special Agent Alicia Karnetsky and a video taken by Karnetsky of Ms. Marshall using a workout machine; and social media posts and travel records that indicated that Ms. Marshall had an active social life and traveled. Additionally, the testimony of Dr. David Kalin, who had treated Ms. Marshall for years, was presented. He testified that the activities in which Ms. Marshall engaged in the videos were inconsistent with what he thought Ms. Marshall's activities and physical limitations were based on her representations to him during treatment.

There was also evidence that Ms. Marshall misrepresented her employment activities. Although Ms. Marshall certified on her Forms EN-1032 that she did not engage in any employment activities, both Herbalife and Mary Kay issued Ms. Marshall IRS Forms 1099 that listed earned wages as an independent contractor. Additionally, there was testimony from two witnesses, Kenneth Wells and Michael Zombory, that Ms. Marshall had been their landlord for a time. They each had rented a condominium from Ms. Marshall, to whom they paid

rent. The rent checks were deposited into Ms. Marshall's personal checking account.

Finally, there was evidence that Ms. Marshall made false representations to Special Agent Kenneth Kelly during a secretly recorded interview on August 13, 2015. During that interview, Ms. Marshall falsely stated that, among other things, she never attended a gym; that she had not traveled abroad since receiving disability benefits; that she could not climb or work on a ladder; that she could not raise her arms up above her shoulders; and that she was physically unable to do yardwork. These statements conflicted with the video and other evidence presented to the jury.

Because there was sufficient evidence to show that Ms. Marshall committed mail fraud, the Motion is denied to the extent it seeks a judgment of acquittal. See United States v. Maxwell, 579 F.3d 1282, 1299 (11th Cir. 2009) ("In rebutting the Government's evidence, '[i]t is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could not have found guilt beyond a reasonable doubt.'" (citation omitted)). Likewise, the request for a new trial is denied. The evidence produced at trial does not preponderate heavily against the verdict.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Shirin Marshall's Post-Trial Motion for Judgment of Acquittal and Motion for New Trial (Doc. # 127) is **DENIED** in its entirety.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of April, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE